Bustillo-Veliz v. Garland

BIA
Poczter, IJ
A200 891 107

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-one.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> REENA RAGGI,
> *Circuit Judges.*

———————————————————————

MARLA YULISSA BUSTILLO-VELIZ,
AKA MARLA LUISA BUSTILLO-VELIZ,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

———————————————————————

19-4213
NAC

FOR PETITIONER: Bruno Joseph Bembi, Esq., Hempstead, NY.

FOR RESPONDENT: Jeffrey Bossert Clark, Acting Assistant Attorney General;

Melissa Neiman-Kelting, Assistant Director; Jessica A. Dawgert, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Marla Yulissa Bustillo-Veliz ("Bustillo"), a native and citizen of Honduras, seeks review of a November 29, 2019, decision of the BIA affirming a May 17, 2018, decision of an Immigration Judge ("IJ") denying her motion to reopen her removal proceedings. *In re Marla Yulissa Bustillo-Veliz,* No. A 200 891 107 (B.I.A. Nov. 29, 2019), *aff'g* No. A 200 891 107 (Immig. Ct. N.Y. City May 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA summarily affirmed the IJ's decision, we have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review the denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546

F.3d 138, 168-69 (2d Cir. 2008).

We distinguish between motions to reopen to apply for relief from removal based on new evidence and motions to rescind an in absentia removal order. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). Absent timely filing, the agency has the discretion to reopen sua sponte in exceptional circumstances. 8 C.F.R. § 1003.23(b) (2019); *In re G-D-*, 22 I. & N. Dec. 1132, 1133-34 (B.I.A. 1999). In contrast, as relevant here, an in absentia removal order may be rescinded by a motion filed (1) no later than 180 days after the order is entered "if the alien demonstrates that [her] failure to appear was because of exceptional circumstances," or (2) at any time, if the alien demonstrates that she did not receive notice of the hearing. 8 U.S.C. § 1229a(b)(5)(C); *see also* 8 C.F.R. § 1003.23(b)(4)(ii).

Bustillo filed her motion to reopen in 2018, seven years after the 2011 in absentia order, and she did not explain her

3

failure to appear at the 2011 hearing or allege in her motion that she did not receive notice of the hearing. Accordingly, the motion was untimely whether construed as a motion to reopen or a motion to rescind. *See* 8 U.S.C. § 1229a(b)(5)(C), (c)(7)(C)(i). Her alleged eligibility for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") did not excuse the untimely filing because her claim was not based on a change in conditions in Honduras—rather, she alleged a fear of harm based on a rape that occurred before she came to the United States and danger to her children who were born in the United States.[1] *See* 8 U.S.C. § 1229a(c)(7)(C)(ii)-(iv) (listing exceptions); 8 C.F.R. § 1003.23(b)(4) (same); *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (providing that changed personal circumstances do not excuse the time limitation for motions to reopen). We do not reach her arguments regarding lack of notice because she did not raise them before the IJ or on appeal to the BIA. *See Lin Zhong v.*

---

[1] Although changed country conditions that materially impact a movant's eligibility for asylum may excuse the time limitation, Bustillo did not assert such conditions in her motion. 8 U.S.C. § 1003.23(b)(4)(i).

*U.S. Dep't of Justice*, 480 F.3d 104, 107, 120 (2d Cir. 2007).

We otherwise lack jurisdiction to review the IJ's "entirely discretionary" decision not to reopen sua sponte. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Although we may remand "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," that is not the case here. *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). The IJ cited and applied the correct legal standard, i.e., that she could reopen sua sponte despite the time limitation only in exceptional circumstances. *See In re G-D-*, 22 I. & N. Dec. 1133–34. And the IJ did not misperceive the law in concluding that there was a one-year deadline for asylum applications, that withholding of removal required more than a showing that an applicant had been the victim of a crime, and that a CAT applicant had a heavy burden. *See* 8 U.S.C. §§ 1158(a)(2)(B), 1158(b)(1)(B), 1231(b)(3)(A); 8 C.F.R. § 1208.16(c) (requiring CAT applicant to show torture is "more likely than not"); *Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999) ("general crime conditions" and "random violence"

cannot support a claim to asylum).

For the foregoing reasons, the petition for review is DENIED as to Bustillo's claims of lack of notice, and DISMISSED in remaining part for lack of jurisdiction. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court